## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **BURNHAM PROPERTIES, LTD.** | ) | **CIVIL ACTION NO.** 1:18-CV-00995 |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **VIRGINIA COLLEGE, LLC d/b/a** | ) | |
| **BRIGHTWOOD COLLEGE; KAPLAN** | ) | |
| **HIGHER EDUCATION, LLC f/k/a** | ) | |
| **KAPLAN HIGHER EDUCATION** | ) | |
| **CORPORATION; and** | ) | |
| **SACMC ACQUISITION CORP.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

**To the Clerk of the United States District Court for the Western District of Texas:**

1.  Defendant Virginia College, LLC ("Virginia College") hereby files this Notice of Removal under 28 U.S.C. §§ 1441, 1446 and Federal Rule of Civil Procedure 81(c).

2.  Virginia College removes this action from the 327th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas.  This action is removable pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  In support of this Notice of Removal, Virginia College states the following:

### State Court Action

3.  On October 19, 2018, Plaintiff Burnham Properties, Ltd. ("Plaintiff") filed this action against Defendant Virginia College, Defendant Kaplan Higher Education, LLC ("Kaplan") and

Defendant SACMD Acquisition Corp. ("SACMD") in the 327th Judicial District Court of El Paso County, Texas entitled *Burnham Properties, Ltd. v. Virginia College, LLC, et al.*, Case No. 2018-DCV-3930 ("State Court Action").

4.   Attached as Exhibit A to the Declaration of John Hintz ("Hintz Decl.") is a true and correct copy of all the process, pleadings, notices, and orders delivered to any party and filed in the State Court Action, as required by 28 U.S.C. § 1446.

5.   Plaintiff, lessor and owner of commercial real estate properties located at 8360 Burnham Road, Suite 100, and at 1231 Lee Trevino, El Paso, El Paso County, Texas 79907, alleges that Virginia College, lessee and tenant of the properties, breached their lease agreement by failing to pay rent due under their lease in the amount of $46,250.00. *See* Hintz Decl., Exhibit A, Complaint at ¶IV. Plaintiff further alleges that Virginia College is liable for all future monthly rent due under the remainder of the lease, as well as other rental changes. *Id*. Plaintiff seeks damages in the amount of $1,202,500.00, as well as other remedies, including the removal of Virginia College from the property. *Id*.

## Diversity Jurisdiction

6.   Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. *See* 28 U.S.C. § 1332(a).

7.   As set forth below, the State Court Action is a civil action within the original diversity jurisdiction of the federal district courts under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

## There is Complete Diversity of Citizenship Between the Parties

Defendant Virginia College, LLC

2

8.   Defendant Virginia College is a citizen of the States of Delaware and Alabama under 28 U.S.C. § 1332(a). For purposes of diversity jurisdiction, "[t]he citizenship of an LLC is determined by the citizenship of each of its members." *Tewari De–Ox Systems, Inc. v. Mountain States/Rosen LLC*, 757 F.3d 481, 483 (5th Cir. 2014). Virginia College is an Alabama limited liability company. *See* Declaration of Roger L. Swartzwelder ("Swartzwelder Decl.") at ¶3. Virginia College's sole member is Education Corporation of America ("ECA"). *See id.* at ¶4. For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of any state in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). ECA is a Delaware corporation whose principal place of business is in Birmingham, Alabama. *See* Swartzwelder Decl. at ¶4. Accordingly, by virtue of the citizenship of its sole member, ECA, Defendant Virginia College is a citizen of the States of Delaware and Alabama within the meaning of 28 U.S.C. § 1332(a).

Defendant Kaplan Higher Education, LLC

9.   Kaplan is a Delaware limited liability company. *See* Hintz Decl., Exhibit A, Complaint at ¶I. Kaplan's sole member is Kaplan, Inc., a Delaware corporation whose headquarters is in Fort Lauderdale, Florida. *See* Declaration of Brandt Hill ("Hill Decl.") at ¶9. As stated above, a corporation is "deemed to be a citizen of any state in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, by virtue of the citizenship of its sole member, Kaplan, Inc., Defendant Kaplan is a citizen of the States of Delaware and Florida for purposes of diversity jurisdiction.

Defendant SACMD Acquisition Corp.

10. Defendant SACMD merged into Defendant Kaplan Higher Education, LLC in December 2015. *See* Hill Decl. at ¶8. Accordingly, SACMD is no longer an existing entity and thus its

citizenship is not relevant.

Plaintiff Burnham Properties, Ltd.

11. Plaintiff is a Texas limited partnership. *See* Hintz Decl., Exhibit A, Complaint at ¶I. "The citizenship of a limited partnership is based upon the citizenship of each of its partners." *2013 Travis Oak Creek GP, LLC v. PNC Bank, N.A.*, No. 1:17-CV-560-RP, 2017 WL 8774231, at *3 (W.D. Tex. June 19, 2017). After performing an extensive search of the relevant online databases, Virginia College identified Plaintiff as consisting of five partners: four individuals and one limited liability company. *See* Hill Decl. at ¶5.

12. "For diversity purposes, an individual's citizenship is determined by his domicile, rather than residence." *Preston v. Tenet Healthsystem Memorial Medical Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007). Based upon public information and records, each of the four individual partners of Plaintiff is domiciled in the State of Texas, and thus, for purposes of diversity jurisdiction, the four individuals are citizens of the State of Texas. *See* Hill Decl. at ¶¶3-6.

13. As stated above, "[t]he citizenship of an LLC is determined by the citizenship of each of its members." *Tewari De–Ox Systems, Inc. v. Mountain States/Rosen LLC*, 757 F.3d 481, 483 (5th Cir. 2014). Based upon public information and records, Plaintiff's partner LLC – Lapp-Fam Management, LLC – consists of two members, both of whom are individuals domiciled in the State of Texas. *See* Hill Decl. at ¶7. Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of the State of Texas.

14. Accordingly, Plaintiff now, and at the time the State Court Action was commenced, is a citizen of the State of Texas within the meaning of 28 U.S.C. § 1332(a).

15. Because Plaintiff, on the one hand, is a citizen of Texas, and Defendants, on the other hand, are citizens of Alabama, Florida, and Delaware, there is complete diversity of citizenship

between the parties.

## The Amount in Controversy Exceeds the Jurisdictional Minimum

16. This Court's jurisdictional minimum amount that must be in controversy is any amount in excess of $75,000. 28 U.S.C. § 1332(a). Jurisdiction, including the amount in controversy, is determined at the "time of removal." *Lopez v. Iovate Health Scis., Inc.*, No. 2:09-CV-002, 2009 WL 10669030, at *2 (W.D. Tex. June 1, 2009).

17. This amount was satisfied at the time of the filing of this action, and still is satisfied at the time of the instant request for removal.

18. This Court may, for removal purposes, look to the removal papers and the pleadings for underlying facts establishing the jurisdictional limit. *See id*. In this case, it is evident from the face of Plaintiff's Complaint that the alleged damages exceed $75,000. Plaintiff is seeking payment of past-due rent, accelerated rent, and other charges under the lease, in the total amount of $1,202,500.00. *See* Hintz Decl., Exhibit A, Complaint at ¶IV.

19. Virginia College refers herein to the allegations in the Complaint solely to establish that the amount in controversy in this matter exceeds $75,000. In doing so, Virginia College does not admit that Plaintiff is entitled to any damages or that it will be able to recover on any of its respective theories.

## Timeliness of Removal

20. Virginia College received notice of this lawsuit on or about October 30, 2018, when a copy of the Complaint was personally given to its agent of service. Removal is therefore timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed before expiration of the 30-day period set forth in 28 U.S.C. § 1446(b).

21. Additionally, notice is timely because it has been filed within one year after the original complaint was filed.

5

**All Other Removal Prerequisites Have Been Satisfied**

22. Removal is proper under 28 U.S.C. § 1446(b) because the other Defendants in this case have consented to this removal.

23. Removal to this district court is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 124(d) because the 327th Judicial District Court is geographically located within the Western District of Texas.

24. Written notice of this Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the 327th Judicial District Court, as required by 28 U.S.C. § 1446(d).

25. The prerequisites for removal under 28 U.S.C. §1441 have been met. For all the foregoing reasons, and because the State Court Action is one within the diversity jurisdiction of the federal district courts, the action is removable to federal court under 28 U.S.C. § 1441(a) and (b) because no defendant is a citizen of the State of Texas and the amount in controversy exceeds $75,000.

26. In the event that any questions should arise with regard to the propriety of the removal of the State Court Action, Virginia College respectfully requests the opportunity to conduct limited jurisdictional discovery on the citizenship of Plaintiff.

27. Virginia College has sought no similar relief with respect to this matter.

## CONCLUSION

For the foregoing reasons, Virginia College respectfully gives notice that this action has been removed from the 327th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, being the district and division for the county in which this action has been pending, and requests that this action proceed as properly removed to this Court.

DATE: November 19, 2018

Respectfully submitted,

/s/ John Hintz
John Hintz
Maynard, Cooper & Gale, P.C.
551 Fifth Avenue, Suite 2000
New York, NY 10176
(646) 609-9280
jhintz@maynardcooper.com

*Attorney for Defendant Virginia College, LLC*

## **CERTIFICATE OF SERVICE**

I certify that, on November 19, 2018, a copy of the foregoing Notice of Removal was

served on the below listed counsel of record for Plaintiff in the State Court Action via email:

Patrick R. Gordon
Michael G. McLean
4695 N. Mesa, Suite 100
El Paso, TX 79912
(915) 545-1133
pgordon@eplawyers.com
mmclean@eplawyers.com

*Attorneys for Plaintiff*

/s/ John Hintz
OF COUNSEL